EMILY K. MILLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-353-7509 (v)
202-514-6866 (f)
Emily.K.Miller@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:20-cv-2427 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL S. SOCHACZEWSKI, | ) | |
| 9 Chemin des Manons | ) | |
| Le Grand-Saconnex 1218, | ) | |
| Switzerland, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT**

Plaintiff, the United States of America, at the request and with the authorization of a

delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the

United States, brings this action to collect the civil penalties, including statutory additions,

assessed against Defendant Paul S. Sochaczewski pursuant to 31 U.S.C. § 5321(a)(5) for his

willful failure to report his interest in foreign bank accounts for the 2005 through 2012 calendar

years.

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345,

and 1355.

1

2.      Upon information and belief, Defendant Paul Sochaczewski is not a resident of the United States.  Thus, venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(c)(3) because "a defendant not resident in the United States may be sued in any judicial district."

**Parties**

3.      The Plaintiff is the United States of America.

4.      Defendant Paul S. Sochaczewski is a citizen of the United States who, upon information and belief, resides at 9 Chemin des Manons, Le Grand-Saconnex 1218, Switzerland.

**Defendant's Legal Obligation to Report His Interests in Foreign Financial Accounts**

5.      Pursuant to 31 U.S.C. § 5314, the Secretary of the Treasury is authorized to require United States citizens (among others) to report certain transactions with foreign financial agencies.  Pursuant to 31 C.F.R. § 1010.350, each United States person having a financial interest in, or signatory authority over, a bank, securities, or other financial account exceeding $10,000 at any time during a calendar year in a foreign country shall report such relationship to the Internal Revenue Service (IRS) for each year in which such relationship exits.

6.      For the relevant years at issue in this case, a United States person met the reporting requirement outlined above in Paragraph 5 by filing a Report of Foreign Bank and Financial Accounts (commonly known as "FBAR") on or before June 30 of the year following each applicable calendar year.  31 C.F.R. § 1010.306(c).

7.      Pursuant to 31 U.S.C. § 5321(a)(5), the Secretary of the Treasury is authorized to impose civil penalties for failure to comply with the reporting requirements of 31 U.S.C. § 5314.  A failure to properly report an account relationship on an FBAR for any calendar year in which it

2

is required is punishable by a civil penalty not exceeding the greater of $100,000 or 50% of the balance in each account at the time of the violation.  *See* 31 U.S.C. § 5321(a)(5)(C).

8.      The civil penalty provided by 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties.  *See* 31 U.S.C. § 3717.

## Paul Sochaczewski Failed to Timely Report His Interest in Foreign Financial Accounts

9.      Paul Sochaczewski is a United States citizen by birth.

10.     Mr. Sochaczewski moved to Switzerland in or around 1981, and, upon information and belief, currently resides in Switzerland.  His last-known address is in Switzerland, and he has voluntarily provided Swiss addresses to the United States.

11.     Mr. Sochaczewski had a financial interest in a foreign bank account at Rahn & Bodmer Co., in Switzerland, during at least 2005 and 2006, as well as foreign bank accounts at Rahn & Bodmer Co., HSBC, and/or Siam Commercial Bank during at least 2007 through 2012. HSBC is located in Hong Kong and Siam Commercial Bank is located in Thailand.

12.     In 2014, Mr. Sochaczewski voluntarily disclosed to the IRS, through the Offshore Voluntary Disclosure Program (OVDP), that he maintained a securities account at Rahn & Bodmer Co. (account number X8207) between 2005 and 2012.

13.     In 2014, Mr. Sochaczewski voluntarily disclosed to the IRS, through the OVDP, that he maintained a checking account at HSBC (account number XXX-XXXXX1-274) between 2007 and 2012.

14.     In 2014, Mr. Sochaczewski voluntarily disclosed to the IRS, through the OVDP, that he maintained a deposit account at Siam Commercial Bank (account number XXX-XXX580-4) between 2007 and 2012.

15.      On or about November 3, 2014, Mr. Sochaczewski voluntarily filed with the IRS delinquent FBARs for 2005 through 2012.

<u>2005</u>

16.      Paul Sochaczewski had a financial interest in a foreign securities account at Rahn & Bodmer Co. in Switzerland during at least 2005.

17.      On or about November 3, 2014, Mr. Sochaczewski voluntarily disclosed that, sometime during 2005, the amount in his foreign financial account at Rahn & Bodmer Co. exceeded $10,000.

18.      Pursuant to 31 U.S.C. § 5314, Mr. Sochaczewski was required to file an FBAR reporting his financial interest in the Rahn & Bodmer Co. account for the 2005 calendar year on or before June 30, 2006.

19.      Mr. Sochaczewski failed to timely file an FBAR for 2005 reporting his financial interest in the Rahn & Bodmer Co. account.

<u>2006</u>

20.      Paul Sochaczewski had a financial interest in a foreign securities account at Rahn & Bodmer Co. in Switzerland during at least 2006.

21.      On or about November 3, 2014, Mr. Sochaczewski voluntarily disclosed that, sometime during 2006, the amount in his foreign financial account at Rahn & Bodmer Co. exceeded $10,000.

22.      Pursuant to 31 U.S.C. § 5314, Mr. Sochaczewski was required to file an FBAR reporting his financial interest in the Rahn & Bodmer Co. account for the 2006 calendar year on or before June 30, 2007.

23.     Mr. Sochaczewski failed to timely file an FBAR for 2006 reporting his financial interest in the Rahn & Bodmer Co. account.

2007

24.     Paul Sochaczewski had a financial interest in a foreign securities account at Rahn & Bodmer Co. in Switzerland during at least 2007.

25.     Paul Sochaczewski had a financial interest in a foreign checking account at HSBC in Hong Kong during at least 2007.

26.     Paul Sochaczewski had a financial interest in a foreign deposit account at Siam Commercial Bank in Thailand during at least 2007.

27.     On or about November 3, 2014, Mr. Sochaczewski voluntarily disclosed that, sometime during 2007, the aggregate amount in his foreign financial accounts at Rahn & Bodmer Co., HSBC, and Siam Commercial Bank exceeded $10,000.

28.     Pursuant to 31 U.S.C. § 5314, Mr. Sochaczewski was required to file an FBAR reporting his financial interest in the accounts at Rahn & Bodmer Co., HSBC, and Siam Commercial Bank for the 2007 calendar year on or before June 30, 2008.

29.     Mr. Sochaczewski failed to timely file an FBAR for 2007 reporting his financial interest in the Rahn & Bodmer Co. securities account, the HSBC checking account, or the Siam Commercial Bank deposit account.

2008

30.     Paul Sochaczewski had a financial interest in a foreign securities account at Rahn & Bodmer Co. in Switzerland during at least 2008.

31.     Paul Sochaczewski had a financial interest in a foreign checking account at HSBC in Hong Kong during at least 2008.

32.     Paul Sochaczewski had a financial interest in a foreign deposit account at Siam Commercial Bank in Thailand during at least 2008.

33.     On or about November 3, 2014, Mr. Sochaczewski voluntarily disclosed that, sometime during 2008, the aggregate amount in his foreign financial accounts at Rahn & Bodmer Co., HSBC, and Siam Commercial Bank exceeded $10,000.

34.     Pursuant to 31 U.S.C. § 5314, Mr. Sochaczewski was required to file an FBAR reporting his financial interest in the accounts at Rahn & Bodmer Co., HSBC, and Siam Commercial Bank for the 2008 calendar year on or before June 30, 2009.

35.     Mr. Sochaczewski failed to timely file an FBAR for 2008 reporting his financial interest in the Rahn & Bodmer Co. securities account, the HSBC checking account, or the Siam Commercial Bank deposit account.

<u>2009</u>

36.     Paul Sochaczewski had a financial interest in a foreign securities account at Rahn & Bodmer Co. in Switzerland during at least 2009.

37.     Paul Sochaczewski had a financial interest in a foreign checking account at HSBC in Hong Kong during at least 2009.

38.     Paul Sochaczewski had a financial interest in a foreign deposit account at Siam Commercial Bank in Thailand during at least 2009.

39.     On or about November 3, 2014, Mr. Sochaczewski voluntarily disclosed that, sometime during 2009, the aggregate amount in his foreign financial accounts at Rahn & Bodmer Co., HSBC, and Siam Commercial Bank exceeded $10,000.

40.     Pursuant to 31 U.S.C. § 5314, Mr. Sochaczewski was required to file an FBAR reporting his financial interest in the accounts at Rahn & Bodmer Co., HSBC, and Siam Commercial Bank for the 2009 calendar year on or before June 30, 2010.

41.     Mr. Sochaczewski failed to timely file an FBAR for 2009 reporting his financial interest in the Rahn & Bodmer Co. securities account, the HSBC checking account or the Siam Commercial Bank deposit account.

<u>2010</u>

42.     Paul Sochaczewski had a financial interest in a foreign securities account at Rahn & Bodmer Co. in Switzerland during at least 2010.

43.     Paul Sochaczewski had a financial interest in a foreign checking account at HSBC in Hong Kong during at least 2010.

44.     Paul Sochaczewski had a financial interest in a foreign deposit account at Siam Commercial Bank in Thailand during at least 2010.

45.     On or about November 3, 2014, Mr. Sochaczewski voluntarily disclosed that, sometime during 2010, the aggregate amount in his foreign financial accounts at Rahn & Bodmer Co., HSBC, and Siam Commercial Bank exceeded $10,000.

46.     Pursuant to 31 U.S.C. § 5314, Mr. Sochaczewski was required to file an FBAR reporting his financial interest in the accounts at Rahn & Bodmer Co., HSBC, and Siam Commercial Bank for the 2010 calendar year on or before June 30, 2011.

47.     Mr. Sochaczewski failed to timely file an FBAR for 2010 reporting his financial interest in the Rahn & Bodmer Co. securities account, the HSBC checking account, or the Siam Commercial Bank deposit account.

<u>2011</u>

48.     Paul Sochaczewski had a financial interest in a foreign securities account at Rahn & Bodmer Co. in Switzerland during at least 2011.

49.     Paul Sochaczewski had a financial interest in a foreign checking account at HSBC in Hong Kong during at least 2011.

50.     Paul Sochaczewski had a financial interest in a foreign deposit account at Siam Commercial Bank in Thailand during at least 2011.

51.     On or about November 3, 2014, Mr. Sochaczewski voluntarily disclosed that, sometime during 2011, the aggregate amount in his foreign financial accounts at Rahn & Bodmer Co., HSBC, and Siam Commercial Bank exceeded $10,000.

52.     Pursuant to 31 U.S.C. § 5314, Mr. Sochaczewski was required to file an FBAR reporting his financial interest in the accounts at Rahn & Bodmer Co., HSBC, and Siam Commercial Bank for the 2011 calendar year on or before June 30, 2012.

53.     Mr. Sochaczewski failed to timely file an FBAR for 2011 reporting his financial interest in the Rahn & Bodmer Co. securities account, the HSBC checking account, or the Siam Commercial Bank deposit account.

<u>2012</u>

54.     Paul Sochaczewski had a financial interest in a foreign securities account at Rahn & Bodmer Co. in Switzerland during at least 2012.

55.     Paul Sochaczewski had a financial interest in a foreign checking account at HSBC in Hong Kong during at least 2012.

56.     Paul Sochaczewski had a financial interest in a foreign deposit account at Siam Commercial Bank in Thailand during at least 2012.

57.     On or about November 3, 2014, Mr. Sochaczewski voluntarily disclosed that, sometime during 2012, the aggregate amount in his foreign financial accounts at Rahn & Bodmer Co, HSBC, and Siam Commercial Bank exceeded $10,000.

58.     Pursuant to 31 U.S.C. § 5314, Mr. Sochaczewski was required to file an FBAR reporting his financial interest in the accounts at Rahn & Bodmer Co., HSBC, and Siam Commercial Bank for the 2012 calendar year on or before June 30, 2013.

59.     Mr. Sochaczewski failed to timely file an FBAR for 2010 reporting his financial interest in the Rahn & Bodmer Co. securities account, the HSBC checking account, or the Siam Commercial Bank deposit account.

**Paul Sochaczewski Willfully Failed to Report His Interest in Foreign Financial Accounts**

Paul Sochaczewski properly reported his interest in some foreign financial accounts, but willfully failed to report his interest in other foreign financial accounts.

60.     During 2005 through 2012, Paul Sochaczewski also maintained foreign bank accounts at UBS.

61.     On or around September 4, 2006, Mr. Sochaczewski filed a Form 1040 tax return for the tax year 2005.

62.     Mr. Sochaczewski completed a Schedule B with his 2005 tax return, disclosing that he had an account in Switzerland.

63.     On or around July 10, 2007, Mr. Sochaczewski filed a Form 1040 tax return for the tax year 2006.

64.     Mr. Sochaczewski completed a Schedule B with his 2006 tax return, disclosing that he had accounts in Switzerland,

65.     On or around October 6, 2008, Mr. Sochaczewski filed a Form 1040 tax return for the tax year 2007.

66.     Mr. Sochaczewski completed a Schedule B with his 2007 tax return, disclosing that he had accounts in Switzerland, but failing to report his additional interests in foreign financial accounts in Hong Kong and Thailand.

67.     On or around November 5, 2009, Mr. Sochaczewski filed a Form 1040 tax return for the tax year 2008.

68.     Mr. Sochaczewski completed a Schedule B with his 2008 tax return, disclosing that he had accounts in Switzerland, but failing to report his additional interests in foreign financial accounts in Hong Kong and Thailand.

69.     On or around October 8, 2010, Mr. Sochaczewski filed a Form 1040 tax return for the tax year 2009.

70.     Mr. Sochaczewski completed a Schedule B with his 2009 tax return, disclosing that he had accounts in Switzerland, but failing to report his additional interests in foreign financial accounts in Hong Kong and Thailand.

71.     On or around September 8, 2011, Mr. Sochaczewski filed a Form 1040 tax return for the tax year 2010.

72.     Mr. Sochaczewski completed a Schedule B with his 2010 tax return, disclosing that he had accounts in Switzerland, but failing to report his additional interests in foreign financial accounts in Hong Kong and Thailand.

73.     On or around August 15, 2012, Mr. Sochaczewski filed a Form 1040 tax return for the tax year 2011.

74.     Mr. Sochaczewski completed a Schedule B with his 2011 tax return, disclosing that he had accounts in Switzerland, but failing to report his additional interests in foreign financial accounts in Hong Kong and Thailand.

75.    On or around October 2, 2013, Mr. Sochaczewski filed a Form 1040 tax return for the tax year 2012.

76.    Mr. Sochaczewski completed a Schedule B with his 2012 tax return, disclosing that he had accounts in Switzerland, but failing to report his additional interests in foreign financial accounts in Hong Kong and Thailand.

77.    For the tax years 2005 through 2012, Mr. Sochaczewski failed to report the interest earned from his account at Rahn & Bodmer Co. on his income tax returns.

78.    For the tax years 2007 through 2012, Mr. Sochaczewski failed to report the interest earned from his accounts at HSBC and Siam Commercial Bank on his income tax returns.

79.    For the tax years 2005 through 2012, Mr. Sochaczewski timely filed FBARs reporting his UBS bank account, but failed to disclose his interest in the Rahn & Bodmer Co. foreign securities account, the HSBC foreign checking account, or the Siam Commercial Bank foreign deposit account.

80.    Because Mr. Sochaczewski reported his financial interest in the UBS account on the Schedule B Forms filed with his tax returns for years 2005 through 2012, and because he timely filed FBARs reporting his UBS account for the tax years 2005 through 2012, Mr. Sochaczewski was aware of his obligation to report his additional foreign financial accounts.

81.    Despite his knowledge of his obligation to report the Rahn & Bodmer Co. securities account, the HSBC checking account, and the Siam Commercial Bank deposit account, Mr. Sochaczewski failed to properly report his financial interests in those accounts.

82.    Mr. Sochaczewski signed his tax returns for the years 2005 through 2012, declaring under penalty of perjury that he had "examined these returns and accompanying

schedules and statements," and that to the best of his knowledge, his returns for the years 2005 through 2012 were "true, accurate, and complete."

<u>Paul Sochaczewski did not disclose his additional</u>
<u>foreign financial accounts to his tax return preparer.</u>

83.     Mr. Sochaczewski enlisted a tax return preparer to complete his tax returns for the tax years 2005 through 2012.

84.     At all times relevant to this case, the tax return preparer was aware of the requirement for United States persons to disclose financial interest in their foreign financial accounts if the aggregate value of those accounts exceeded $10,000 at any time during the calendar year.  The tax return preparer asked all clients to disclose their foreign financial accounts.

85.     At all times relevant to this case, the tax return preparer provided clients with a letter informing them of their obligation to report financial interest in any financial accounts if the aggregate value of those financial accounts exceeded $10,000 at any time during the calendar year.  This letter also included the filing deadline for such reports.

86.     Despite his tax return preparer's notification of his obligations, Mr. Sochaczewski only provided to his tax return preparer the account statements and information for his financial accounts at UBS.  He did not provide any information for his financial accounts at Rahn & Bodmer Co., HSBC, or Siam Commercial Bank

**Count I: Collect Civil Penalties Assessed Pursuant to 31 U.S.C. § 5321(a)(5)**

87.     On October 26, 2018, a delegate of the Secretary of the Treasury assessed the following civil penalties against Paul Sochaczewski:

a. $25,488.00 for his willful failure to properly report on an FBAR his financial interest in the foreign financial account with Rahn & Bodmer, Co., identified as X8207 for 2005;

b. $30,120.00 for his willful failure to property report on an FBAR his financial interest in the foreign financial account with Rahn & Bodmer, Co., identified as X8207 for 2006;

c. $23,136.00 for his willful failure to properly report on an FBAR his financial interest in the foreign financial account at Rahn & Bodmer, Co., identified as X8207, for 2007;

d. $615.00 for his willful failure to properly report an FBAR  his financial interest in the foreign financial account at HSBC, identified as XXX-XXXXX1-274, for 2007;

e. $3,500.00 for his willful failure to properly report on an FBAR his financial interest in the foreign financial account at Siam Commercial Bank, identified as XXX-XXX580-4, for 2007;

f. $12,389.00 for his willful failure to properly report on an FBAR his financial interest in the foreign financial account at Rahn & Bodmer, Co., identified as X8207, for 2008;

g. $615.00 for his willful failure to properly report on an FBAR  his financial interest in the foreign financial account at HSBC, identified as XXX-XXXXX1-274, for 2008;

h.  $132.00 for his willful failure to properly report on an FBAR his financial interest in the foreign financial account at Siam Commercial Bank, identified as XXX-XXX580-4, for 2008;

i.  $12,642.00 for his willful failure to properly report on an FBAR his financial interest in the foreign financial account at Rahn & Bodmer, Co., identified as X8207, for 2009;

j.  $615.00 for his willful failure to properly report on an FBAR his financial interest in the foreign financial account at HSBC, identified as XXX-XXXXX1-274, for 2009;

k.  $196.00 for his willful failure to properly report on an FBAR his financial interest in the foreign financial account at Siam Commercial Bank, identified as XXX-XXX580-4, for 2009;

l.  $10,855.00 for his willful failure to properly report on an FBAR his financial interest in the foreign financial account at Rahn & Bodmer, Co., identified as X8207, for 2010;

m.  $4,833.00 for his willful failure to properly report on an FBAR his financial interest in the foreign financial account at HSBC, identified as XXX-XXXXX1-274, for 2010;

n.  $1,380.00 for his willful failure to properly report on an FBAR his financial interest in the foreign financial account at Siam Commercial Bank, identified as XXX-XXX580-4, for 2010;

o.  $9,108.00 for his willful failure to properly report on an FBAR his financial
interest in the foreign financial account at Rahn & Bodmer, Co., identified as
X8207, for 2011;

p.  $1,184.00 for his willful failure to properly report on an FBAR t his financial
interest in the foreign financial account at HSBC, identified as XXX-XXXXX1-
274, for 2011;

q.  $2,271.00 for his willful failure to properly report on an FBAR  his financial
interest in the foreign financial account at Siam Commercial Bank, identified as
XXX-XXX580-4, for 2011;

r.  $10,825.00 for his willful failure to properly report on an FBAR his financial
interest in the foreign financial account at Rahn & Bodmer, Co., identified as
X8207, for 2012;

s.  $17,289.00 for his willful failure to properly report on an FBAR his financial
interest in the foreign financial account at HSBC, identified as XXX-XXXXX1-
274, for 2012; and

t.  $117.00 for his willful failure to properly report on an FBAR his financial interest
in the foreign financial account at Siam Commercial Bank, identified as XXX-
XXX580-4, for 2012.

88.     With respect to the assessments described in Paragraph 87, above, a delegate of
the Secretary of the Treasury assessed a total of $167,310 in civil penalties against Paul
Sochaczewski for failure to disclose his financial interest in foreign financial accounts between
2005 and 2012.

89.     Despite notice and demand, Mr. Sochaczewski has failed to fully pay the penalties described in Paragraph 86, above.

90.     Interest and penalties have accrued, and will continue to accrue, on the penalties described in Paragraph 86, above, pursuant to 31 U.S.C. § 3717 until they are paid in full.

91.     As of May 14, 2020, Defendant Paul Sochaczewski is indebted to the United States with respect to the penalties described in Paragraph 86, above, in the amount of $185,471.16, plus statutory additions that continue to accrue thereafter as provided by law.

**Prayer for Relief**

WHEREFORE, the United States respectfully prays that this Court:

A.  Enter judgment in favor of the United States and against Paul S. Sochaczewski, with respect to the civil penalty assessments described in Paragraph 86, above, in the amount of $185,471.16 as of May 14, 2020, plus statutory interest and other additions to tax accruing thereafter according to law until paid in full;

B.  Award the United States its costs incurred in prosecuting this action; and

C.  Such other and further relief as the Court deems just and proper.


Dated: August 31, 2020                    RICHARD E. ZUCKERMAN
                                          Principal Deputy Assistant Attorney General

                                          */s/ Emily K. Miller*
                                          EMILY K. MILLER
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 227
                                          Washington, D.C.  20044
                                          202-353-7509 (v)
                                          202-514-6866 (f)
                                          Emily.K.Miller@usdoj.gov

## CIVIL COVER SHEET

JS-44 (Rev. 6/17 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Paul S. Sochaczewski<br>9 Chemin des Manons<br>Le Grand-Saconnex 1218<br>Switzerland ⊞ |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Switzerland<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>EMILY K. MILLER<br>Trial Attorney, Tax Division, U.S. Department of Justice<br>P.O. Box 227, Washington, D.C. 20044<br>202-353-7509 | ATTORNEYS (IF KNOWN) |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

⦿ 1 U.S. Government
Plaintiff

○ 2 U.S. Government
Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR
PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

○ **A.  Antitrust**

☐ 410  Antitrust

○ **B.  Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 367 Health Care/Pharmaceutical
   Personal Injury Product Liability
☐ 368 Asbestos Product Liability

○ **C.  Administrative Agency
Review**

☐ 151 Medicare Act

**Social Security**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 890 Other Statutory Actions (If
   Administrative Agency is
   Involved)

○ **D.  Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category
may be selected for this category of
case assignment.

***(If Antitrust, then A governs)***

⦿ **E.  General Civil (Other)**          OR          ○ **F.  Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property
   Damage
☐ 385 Property Damage
   Product Liability

**Bankruptcy**
☐ 422 Appeal 27 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Conditions
☐ 560 Civil Detainee – Conditions
   of Confinement

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New
   Drug Application
☐ 840 Trademark

**Federal Tax Suits**
☒ 870 Taxes (US plaintiff or
   defendant)
☐ 871 IRS-Third Party 26 USC
   7609

**Forfeiture/Penalty**
☐ 625 Drug Related Seizure of
   Property 21 USC 881
☐ 690 Other

**Other Statutes**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC
   3729(a))
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
   Rates/etc.
☐ 460 Deportation

☐ 462 Naturalization
   Application
☐ 465 Other Immigration
   Actions
☐ 470 Racketeer Influenced
   & Corrupt Organization
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 850 Securities/Commodities/
   Exchange
☐ 896 Arbitration
☐ 899 Administrative Procedure
   Act/Review or Appeal of
   Agency Decision
☐ 950 Constitutionality of State
   Statutes
☐ 890 Other Statutory Actions
   (if not administrative agency
   review or Privacy Act)

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/Privacy Act* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi-district Litigation  ○ 7 Appeal to District Judge from Mag. Judge  ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
26 USC 7401, 31 USC 5321(a)(5), Complaint for Federal Taxes

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** 185,471.16<br>**JURY DEMAND:** | Check **YES** only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form |
|---|---|---|---|

| **DATE:** 08/31/2020 | **SIGNATURE OF ATTORNEY OF RECORD** /s/ Emily K. Miller |
|---|---|

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.**  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.**  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

**VI.**  CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**  RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Paul S. Sochaczewski | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.  1:20-cv-2427

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Paul S. Sochaczewski
9 Chemin des Manons
Le Grand-Saconnex 1218
Switzerland

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Emily K. Miller
US Department of Justice, Tax Division
P.O. Box 227
Washington, D.C. 20044
(202) 353-7509
emily.k.miller@usdoj.gov

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:20-cv-2427

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: